IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-18-342 |
| | § | |
| ADEMOLA BABATUNDE OKULAJA | § | |

## ORDER

Defendant, represented by appointed counsel, filed a motion for release pending appeal (Docket Entry No. 83), to which the Government filed a response in opposition (Docket Entry No. 84). The motion is DENIED for the reasons that follow.

A jury found defendant guilty of two counts of false use of a passport in violation of 18 U.S.C. § 1543, and the Court sentenced him to a term of thirty-three months imprisonment on February 25, 2020. Defendant filed an appeal on February 26, 2020, which is currently pending before the Fifth Circuit Court of Appeals in *United States v. Okulaja*, No. 20-20101. Judgment of conviction was entered on March 3, 2020.

The release of a convicted defendant pending appeal is governed by 18 U.S.C. § 3143(b), which provides as follows:

> (1)   [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (A)   by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

  (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

    (i) reversal,

    (ii) an order for a new trial,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Under Fifth Circuit precedent, a convicted defendant has the burden of establishing four factors in order to warrant release pending appeal:

 (1) that he is not likely to flee or pose a danger to the safety of others;

 (2) that the appeal is not for purpose of delay;

 (3) that the appeal raises a substantial question of law or fact; and

 (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment.

*United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024, 1025 (5th Cir. 1985). The presumption is against the granting of release pending appeal, and the burden is on the defendant to prove by clear and convincing evidence that the factors above are met. *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987).

No argument has been made, and nothing in the record suggests, that defendant's appeal is for the purpose of delay. Thus, the Court will address only the remaining three factors.

*Flight Risk*

Defendant correctly points out that he was granted a pretrial bond and that he complied fully with all of its provisions. He also emphasizes that he is 57 years old, well educated, and in poor health. A large part of his motion is devoted to his medical problems and COVID-19 issues. As to these latter considerations, the Court is aware of defendant's medical conditions, and understands his health-related concerns regarding COVID-19 risks in prison. Nevertheless, these considerations are of little, if any, benefit to defendant, as they are not among the factors listed in section 3143(b). Moreover, counsel for defendant states in the motion that,

> To be clear, it is unknown if anyone at his particular facility is infected. During a call with Mr. Okulaja during the week of April 19th he had not been diagnosed with COVID-19, but was experiencing other symptoms (shortness of breath etc.) and he was diagnosed with Asthma.

(Docket Entry No. 83, p. 6.) That COVID-19 may pose an increased risk to defendant's own health provides no basis, standing alone, for granting relief under section 3143(b). On the other hand, if defendant is in fact exhibiting signs and symptoms of COVID-19, or has been diagnosed with COVID-19, his release back into the community pending appeal might arguably pose a danger to the safety of others.

What defendant inexplicably does not address are two substantial concerns brought forward by the Court in prior hearings and raised again here in the Government's response: defendant's proven ability to obtain counterfeit foreign passports containing false identities, and the immigration and removal consequences of his conviction in this case. The Court has expressed its concerns in this case that defendant poses a flight risk; indeed, the issue was addressed most recently at sentencing. Although defendant had been granted a pretrial bond, the Government objected at sentencing to his remaining on bond post-conviction. The Court agreed with the Government's position, stating on the record that it had "some concerns about that, as well, in light of potential immigration consequences, so I'm going to order the defendant be taken into custody by the marshal." (Docket Entry No. 79, p. 34.) Defense counsel appreciated the Court's concerns, but was of the opinion that defendant would not attempt to avoid the problem:

> I understand the Court is considering that he's a flight risk. He has always been a flight risk for that reason, about immigration consequences. As part of what we have to do as attorneys, we advise them of the potential consequences. He is here lawfully. He is not an illegal immigrant or anything of that nature, and I'm sure whatever consequences result of this conviction, he will handle that.

*Id*. Undoubtedly spoken in earnest, counsel's sentiment that his client would not flee is not "clear and convincing evidence" that defendant is not a flight risk.

Defendant is a citizen of Nigeria. Although he currently legally resides in the United States, he is well aware that, because of his conviction and sentence in this case, Immigration and Customs Enforcement is required to take action to revoke his legal status

and initiate removal proceedings against him once his sentence is complete. Defendant was found in possession of multiple counterfeit foreign passports containing false identities. Indeed, his possession and use of false passports formed the basis of this federal conviction. His access to, and past possession of, counterfeit travel documents and alternative identities raises grave concerns as to his flight risk.

Defendant has not met his burden to prove that he is not likely to flee if the Court were to grant this motion.

*Substantial Question of Law or Fact*

A question of law or fact is substantial if it is "close" or "very well could be decided the other way," meaning "the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Clark*, 917 F.2d at 180; *Valera-Elizondo*, 761 F.2d at 1020. The determination is to be made on a case-by-case basis. *Valera-Elizondo*, 761 F.2d at 1023.

Defendant suggests that improperly-admitted character evidence and improperly-authenticated photographs were overly prejudicial and had a potentially negative effect on the jurors. According to defendant, this inadmissible evidence presents a substantial question of law for appeal as to whether the jury was improperly influenced. However, the Court cannot reasonably determine whether this argument raises a substantial question, as defendant neither identifies any specific evidence or shows why its admission was erroneous in his case. Defendant's arguments lack relevant facts or legal analysis, and provide no

basis upon which the Court can find that a substantial question of law or fact exists. No substantial question of law or fact has been raised that is fairly debatable and that calls into question the validity of defendant's conviction.

Defendant also argues that a substantial question of law or fact exists as to sentencing, as the Court may have improperly sentenced him due to an incorrect Guideline calculation. He claims, again without specificity, that "there were objections made at sentencing that were not sustained that caused the Guidelines range to significantly rise from a potential probationary sentence to 36 months." (Docket Entry No. 83, p. 4.) No relevant objections are identified and no legal analysis is proffered for any purported error. Instead, defendant argues that, upon reversal or new trial, and due to his health issues and the COVID-19 pandemic in prisons, the Court should consider imposing a sentence other than one of imprisonment. He acknowledges that "at the moment it seems bleak that the sentence would not result in imprisonment, and rather still result in imprisonment," *id*., but suggests that, "depending on the outcome at appeal all these things could change." *Id*., p. 5. Defendant presents general questions regarding his sentencing, but none constitute a substantial question of law or fact for purposes of section 3143(b).

The Court finds that defendant's unsupported arguments do not raise a substantial question of law or fact as to whether he was improperly sentenced under an incorrect Guideline calculation or should not have been sentenced to imprisonment.

*Likely Results on Appeal*

The Court finds that, even if defendant's unsupported arguments had raised a substantial question of law or fact, he fails to show that the substantial question, if decided in his favor on appeal, would likely result in a reversal, a new trial, a sentence without imprisonment, or in a sentence with reduced imprisonment, considering the relevant standards of review.

Defendant's motion (Docket Entry No. 83) is DENIED.

Signed at Houston, Texas on June 3, 2020.

_____
Gray H. Miller
Senior United States District Judge